# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1696V
UNPUBLISHED

| | |
|---|---|
| MARISOL TORRES-SANDLIN,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: December 17, 2019<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for respondent.

## **DECISION AWARDING DAMAGES**[1]

On November 1, 2018, Marisol Torres-Sandlin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccination on November 3,[3] 2015. Petition at 1, ¶¶ 1, 40. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 18, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On December 17, 2019, Respondent filed a

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] As Respondent notes in his proffer on award of compensation ("Proffer"), Petitioner refers to the date of vaccination as November 2 and 3, 2015, but the vaccine record indicates the vaccination was administered on November 3, 2015. Proffer at 1 n.1 (comparing the Petition at 1-2 and Exhibit 2 (record of vaccination)).

Proffer indicating Petitioner should be awarded $97,159.91, representing $95,000.00 in compensation for Petitioner's actual and projected pain and suffering[4] and $2,159.91 in compensation for Petitioner's actual unreimbursable expenses.  Proffer at 1-2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $97,159.91, representing $95,000.00 in compensation for Petitioner's actual and projected pain and suffering and $2,159.91 in compensation for Petitioner's actual unreimbursable expenses in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] The portion of this award attributable to Petitioner's projected pain and suffering has been reduced to net present value.  *See* § 15(a)(4) (requiring this reduction).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| MARISOL TORRES-SANDLIN, ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND HUMAN ) SERVICES, ) ) Respondent. ) ) | No. 18-1696V Chief Special Master Corcoran ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 1, 2018, Marisol Torres-Sandlin ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on November 2, 2015.[1]  Petition at 1, 11.  On October 18, 2019, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the same day.  ECF No. 21; ECF No. 22.

**I.    Items of Compensation**

   A.    Pain and Suffering

Respondent proffers that Marisol Torres-Sandlin should be awarded $95,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and

---

[1] The petition notes the date of vaccination alternately as November 2, and November 3, 2015. *Compare* petition at 1 *with* petition at 2.  The vaccine administration record indicates that petitioner received the vaccine on November 3, 2015.  Exhibit ("Ex.") 2.

suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      B.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents Marisol Torres-Sandlin's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,159.91, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

**II.**    **<u>Form of the Award</u>**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Marisol Torres-Sandlin should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $97,159.91, representing compensation for pain and suffering ($95,000.00), and past unreimbursable expenses ($2,159.91), in the form of a check payable to petitioner, Marisol Torres-Sandlin.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    Lump sum payable to petitioner, Marisol Torres-Sandlin:        **$97,159.91**

                  Respectfully submitted,

                  JOSEPH H. HUNT
                  Assistant Attorney General

                  C. SALVATORE D'ALESSIO
                  Acting Director
                  Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                                  CATHARINE E. REEVES
                                  Deputy Director
                                  Torts Branch, Civil Division

                                  ALEXIS B. BABCOCK
                                  Assistant Director
                                  Torts Branch, Civil Division

                                  <u>s/ Sarah C. Duncan</u>
                                  SARAH C. DUNCAN
                                  Trial Attorney
                                  Torts Branch, Civil Division
                                  U.S. Department of Justice
                                  P.O. Box 146
                                  Benjamin Franklin Station
                                  Washington, D.C. 20044-0146
                                  Tel:  (202) 514-9729
                                  Fax:  (202) 616-4310

DATED:  December 17, 2019